UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MICHAEL BALE,

                Petitioner,

    v.

DONALD HOLBROOK,

                Respondent.

CASE NO. 3:17-CV-05188-RBL-JRC

ORDER TO FILE SUPPLEMENTAL ANSWER

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner John Michael Bale, proceeding *pro se* and *in forma pauperis*, filed this petition pursuant to 42 U.S.C. § 2254.

      Petitioner claims 23 grounds for relief. However, he did not raise all of them at all levels of state court review before presenting them in his habeas petition filed with this court. Because petitioner appears to have exhausted the state remedies for some, but not

all, of his claims, his federal habeas petition is a "mixed petition." Further, his unexhausted claims are also procedurally defaulted, so the remedies normally associated with mixed petitions are inappropriate. This Court, therefore, declines to dismiss the petition, as respondent requests, and instead will continue to the merits.

## BACKGROUND

In an unpublished opinion, the Washington Court of Appeals summarized the facts giving rise to this petition. Dkt. 17, Ex. 3. In 2012, two officers approached petitioner while he was with two colleagues in a trailer park. *Id.* at 1-2. The officers requested his identification, but petitioner said he was unable to find it. *Id*. at 2. Noticing petitioner's "nervous" demeanor, the officers attempted to put petitioner in handcuffs. *Id*. However, as one officer grabbed petitioner's wrist, petitioner broke free and ran. *Id*. The officers pursued and tackled him, then noticed that petitioner was holding a gun. *Id*. The gun was fully cocked. *Id*. As petitioner attempted to point the gun at one of the officers, the officer wrestled it away. *Id*. Petitioner then escaped the officers' grip and continued to flee. *Id*. The officers again took chase and eventually subdued him using a stun gun. *Id*. at 2-3. The State charged petitioner with two counts of first degree assault and one count of possessing a stolen firearm. *Id*. at 3. A jury found him guilty on all counts. *Id*.

Petitioner appealed his judgment to the Division II Court of Appeals. Dkt. 17, Exs. 4, 5. The court of appeals upheld his first-degree assault convictions, but reversed his stolen firearm conviction. *Id*., Ex. 3. He petitioned the Washington Supreme Court for review, which denied his request for review. *Id*., Exs. 7, 8. He ultimately was sentenced to a term of 490 months imprisonment. Dkt. 1.

Petitioner then filed a personal restraint petition containing 17 grounds for relief. *Id*., Ex. 10. The Washington Court of Appeals denied his petition. *Id*., Ex. 15. Petitioner did not appeal this decision to the Washington Supreme Court, and the Court of Appeals decision became final on April 20, 2017. *Id*., ex. 16.

Petitioner now asks this Court to grant him relief through a petition for habeas corpus. Dkt. 4, 4-1.

# DISCUSSION

## I. Exhaustion of State Remedies and Procedural Default

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petition containing both exhausted and unexhausted claims is a "mixed petition." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Just as federal courts will not entertain an unexhausted claim, federal courts will not hear a mixed petition.

### A. Exhausted Claims

Petitioner has properly exhausted the five claims that he brought on direct appeal, which the Court will reference by their claim number as presented in the petition filed

with this Court. Petitioner's 9th ground asserts that the State failed to prove petitioner intended to cause any bodily harm to the officers because he never aimed his gun at them. Dkt. 4-1 at 28-29. Ground 13 asserts that the appellate court erred when it failed to conclude that the jury was improperly prejudiced when it knew petitioner had a gun, despite reversing petitioner's firearms conviction. *Id*. at 33-35. Ground 15 claims that the State failed to prove that petitioner actually physically assaulted the officers. *Id*. at 37-38. Ground 17 asserts that petitioner's appellate counsel was ineffective because she did not file a Motion for Reconsideration with the court of appeals. *Id*. at 40-41. Like petitioner's 9th ground, ground 21 also asserts that the State failed to prove that he intended to cause the officers any bodily harm. *Id*. at 47-49. Petitioner brought all five of these claims at each level of review. Dkt. 17, Exs. 3, 4, 5, 7. Though the state supreme court denied review, it nonetheless had the opportunity to consider these allegations of legal error without interference from the federal judiciary. Because of this, petitioner properly exhausted grounds 9, 13, 15, 17, and 21, and this Court may review them on their merits.

In addition, the state court of appeals has already granted relief for one of petitioner's claims. Ground 16 alleges that petitioner's trial counsel was ineffective for failing to hold the State to its burden of proof on the possession of a stolen firearm charge. Dkt. 4-1 at 39-40. The court of appeals dismissed the firearms charge for insufficient evidence during direct appeal. Dkt. 17, ex. 3 at 7-8. Because this charge was dismissed, the effectiveness of trial counsel with respect to this charge is moot. This Court need not analyze ground 16 on its merits.

B. **Unexhausted Claims**

Petitioner has not properly exhausted his remaining claims. He asserts 23 grounds for relief before this Court. Dkt. 4-1. After the Washington Supreme Court denied review of his direct appeal, he filed a timely personal restraint petition containing 17 of these grounds. Dkt. 17, Ex. 10. Petitioner had not presented five of these grounds on direct appeal. The state court of appeals denied relief. Dkt. 17, Ex. 15. However, petitioner did not file a petition for review with the Washington State Supreme Court and the state court of appeals issued its mandate on April 20, 2017. *Id.*, Ex. 16. As noted above, grounds 9, 13, 15, 17, and 21 were properly exhausted and petitioner was granted relief on ground 16 at the state court of appeals. However, petitioner did not allow the Washington Supreme Court a full opportunity to review the remaining 17 claims. *O'Sullivan*, 526 U.S. at 845. These claims are unexhausted, and this Court will not review unexhausted claims. *Picard*, 404 U.S. at 275.

In addition, petitioner's unexhausted claims are procedurally defaulted. Procedural default is distinct from exhaustion in the habeas context. *Id.* at 1230. The procedural default rule bars consideration of a federal claim by a federal court when it is clear that the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear that the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the claim on the merits. *Boerckel*, 526 U.S. at 845; *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This Court

will only hear the merits of a procedurally defaulted claim if the petitioner can show "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman*, 501 U.S. at 750). A petitioner can show cause by demonstrating that "some objective factor external to the defense impeded [petitioner]'s efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Here, though he filed a personal restraint petition with the court of appeals, petitioner neglected to do so with the state supreme court. As noted above, this did not give the state courts a full opportunity to review petitioner's case for legal error. Petitioner's judgment and sentence became final in 2015. Petitioner neglected to appeal the court of appeals' decision within 30 days. Dkt. 17, Ex. 9[A1]; RAP 13.5, 13.5A. In Washington, a petitioner can only file a personal restraint petition within one year of sentence finalization. RCW 10.73.090. Because he did not exhaust his remedies with his initial personal restraint petition and the one-year statute of limitations has expired for a second petition, petitioner can no longer present his remaining claims to the Washington Supreme Court. Petitioner's remaining claims are procedurally barred under state law and he is now unable to fully exhaust them. Petition has not demonstrated that some objective factor impeded his efforts to comply with state procedure and appeal to the state supreme court. Federal courts will not hear such procedurally barred claims on their merits absent a showing of cause and prejudice stemming from a violation of federal law. *Martinez*, 566 U.S. at 10. Because of this, his remaining claims are procedurally barred.

Because of this procedural bar, the remedies normally associated with a mixed petition are inappropriate. The Court will normally dismiss a mixed petition containing both exhausted and unexhausted claims without prejudice. *Rose*, 455 U.S. at, 522. Alternately, the Court can stay the petition "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). However, the Court only considers these remedies when a state court has not yet had the opportunity to examine a petitioner's claims. *Franklin v. Johnson*, 190 F.3d 1223, 1231 (9th Cir. 2002). When a petitioner's claims are unexhausted, procedurally barred in state court, and he cannot show cause and prejudice for failing to exhaust his remedies, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Id*.

Respondent requests that the Court dismiss the petition without prejudice. However, dismissing the petition without prejudice is futile because petitioner no longer has the option of exhausting his claims in state court before returning to federal court. *See id.* For the same reason, staying the proceeding would serve no purpose. Accordingly, in the interest of judicial economy, this Court declines to dismiss the petition or stay the proceeding and instead recommends that those unexhausted claims be dismissed with prejudice and that those exhausted claims move forward on the merits.

//

//

//

//

## II. Instructions to Parties and the Clerk

Respondent is directed to file a supplemental answer **on or before September 4, 2017** addressing the merits of petitioner's grounds 9, 13, 15, 17, and 21, in addition to his previous arguments addressing exhaustion, procedural default, and mootness.

Petitioner may reply to this supplemental answer **on or before October 4, 2017**.

The Clerk is instructed to re-note the petition for **October 13, 2017**.

Dated this 4th day of August, 2017.

*[signature]*

J. Richard Creatura
United States Magistrate Judge