UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MICHAEL BALE,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

CASE NO. 3:17-CV-05188-RBL-JRC

ORDER DENYING MOTION

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Before the Court is petitioner's motion that the Court require the State to address his habeas petition on the merits; that he be allowed to appear at a hearing by telephone,

and that he be appointed counsel. Having reviewed the motions and the balance of the record, the Court concludes that the motions should be denied.

## DISCUSSION

### I. Call to Address the Merits

Petitioner invokes his right to reply to the State's answer and appears to ask the Court to instruct the State to respond to his arguments on the merits. Dkt. 19. In a previous order, the Court declined to dismiss the petition and instructed the State to file a supplemental answer addressing petitioner's arguments. Dkt. 22. Because of this, the Court denies petitioner's first request as moot.

### II. Motion for Telephonic Hearing

Petitioner moves the Court to enter an order allowing him to appear by telephone on July 30, 2017. Dkt. 19. Since the proposed date has already passed, the motion is moot. Even if the motion was not moot, oral argument is not generally conducted on motions submitted to the Court. Local Rule 7(b)(4). Occasionally, the Court may order oral argument. *Id*. The Court has not ordered oral argument in this case and the parties do not need to appear for a hearing or status conference. Further, petitioner does not demonstrate that a telephonic conference is necessary to discuss his petition. Petitioner's motion for a telephonic conference on this matter is denied.

### III. Motion for Appointed Counsel

Petitioner requests that the Court appoint him counsel. Dkt. 19. There is no right to appointed counsel in cases brought under 28 U.S.C. § 2554 unless an evidentiary hearing is required or appointed counsel is necessary for the effective utilization of discovery

procedures. *See Pennsylvania v. Finney*, 481 U.S. 551, 555 (1987); *U.S. v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995). The Court may also appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rule Governing Section 2254 Cases in the United States District Courts 8(c)). In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.

Petitioner has not yet requested that he be allowed to conduct discovery nor does the Court find good cause for granting him leave to do so at this stage in the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required, nor does it appear that one is needed at this time. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner has not shown that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Furthermore, petitioner effectively articulated his grounds for relief raised in the petition and the grounds are not factually or legally complex. Finally, it is difficult to determine the likelihood of success on the merits without an answer on the merits from respondent. The Court recently ordered respondent to file a supplemental Answer on the merits. *See* Dkt. 22.

Accordingly, petitioner's motion for appointment of counsel is denied without prejudice.

## CONCLUSION

For the reasons stated, the Court hereby **ORDERS** as follows:

The Court denies petitioner's request that the Court instruct the State to respond to his arguments on the merits as moot (Dkt. 19);

Petitioner's motion for a telephonic conference on this matter is denied (Dkt. 19); and,

Petitioner's motion for appointment of counsel is denied without prejudice (Dkt. 19).

Dated this 4th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge