UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MICHAEL BALE,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

CASE NO. 3:17-cv-05188-RBL-JRC

ORDER DENYING PETITIONER'S MOTION TO RECONSIDER THE COURT'S ORDER

The District Court referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

After this Court ordered respondent to file a supplemental answer and recommended that several of petitioner's claims be dismissed for failure to exhaust, petitioner filed this objection to the order. Dkt. 24. He objects to the Court's recommended dismissal and requests that the claims be considered on the merits even though the Court previously found them to be unexhausted. Though filed as an objection, the Court interprets this as a motion for reconsideration. However,

1 because the Court does not find that it committed manifest error and there are no new facts or
2 legal authority that were not already presented when the Court made its previous ruling, the
3 Court denies the motion.

**DISCUSSION**

Petitioner requests that the Court reconsider its previous ruling and analyze his ineffective assistance of counsel claim, as well as several other claims, on the merits. Though he styles it as an objection, in light of the request to reevaluate the Court's previous decision, the Court treats this filing as a motion for reconsideration. Motions for reconsideration are disfavored under the Local Rules. *See* Local Rule 7(h). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Petitioner first asks that the Court consider on the merits his ineffective assistance of counsel claim related to his lack of access to the jail law library. Dkt. 24 at 1-2. It is unclear which ineffective assistance claim petitioner is referencing; he raised ineffective assistance of trial counsel in grounds 6, 16, and 20 of his habeas petition, and raised his lack of access to the law library in ground 2. Dkt. 4-1 at 2-5, 11-12, 17-25, 39-40, 45-46. However, the Court recommended dismissal of all of these claims as unexhausted and procedurally defaulted in its previous order. Dkt. 22, 5-7. Petitioner has not presented new facts or legal authority that could not have been brought to the Court's attention earlier indicating this ruling was improper. Local Rule 7(h).

Further, there is no indication that the Court committed manifest error. The Court found that, though petitioner included the above noted grounds in his personal restraint petition, he

neglected to present to them at all levels of the state courts. Dkt. 22 at 5. Because of this, the Court determined that it could not review them. Further, it found that the grounds were procedurally defaulted because they could no longer be reviewed by state courts, and therefore recommended dismissal. *Id*. at 5-7. Petitioner urges that his claims have merit and that the Court should consider them. However, regardless of merit, the Court cannot consider claims in a habeas petition unless they have already been exhausted in state court. *Picard v. Connot*, 404 U.S. 270, 275 (1971). Because it appears the Court correctly found that petitioner's above noted grounds were unexhausted, the Court denies petitioner's motion for reconsideration on this ground.

Petitioner also asks the Court to reconsider its recommended dismissal of the other claims the Court found to be unexhausted. Dkt. 24 at 3. He argues that the Court incorrectly found these unexhausted because he included them in his statement of additional grounds ("SAG") in the Washington Court of Appeals, and the Washington Supreme Court are tasked with reviewing "the whole case as a whole not just in part." *Id*. As the Court noted in its previous order, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard*, 404 U.S. at 275. Further, "[t]o exhaust state remedies, petitioner must present each of his claims to the state's highest court. In turn, the state's highest court must have disposed of each claim on the merits." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (citing *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979)). Though petitioner claims he raised all his current habeas grounds in his SAG, he presented only four grounds to the Washington Supreme Court for Review. Dkt. 17, Ex. 7 at 1. As noted in the Court's previous order, those grounds are reflected in five of the grounds presented in petitioner's habeas petition. However, he did not present his remaining 17 grounds to the

Washington Supreme Court. Because petitioner relies on arguments provided to the Court of Appeals, but not identified when he appealed its decision, it cannot be fairly said that he presented each of his claims to the state's highest court. *Borg*, 24 F.3d at 24. Therefore, the Court did not commit manifest error when it found that petitioner had not exhausted those claims. The Court denies petitioner's motion for reconsideration (Dkt. 24).

## CONCLUSION

Petitioner fails to show manifest error in the prior ruling or present new facts or legal authority for his position that could not have been brought to the Court's attention earlier with reasonable diligence. Regardless of the merits of petitioner's ineffective assistance of counsel claim, the Court did not commit manifest error when it determined it was exhausted. Similarly, because petitioner did not present his 17 identified claims to Washington's highest court, this Court did not commit manifest error when it found them unexhausted. Therefore, petitioner's objection, which the Court interprets as a motion for reconsideration (Dkt. 24), is denied.

Dated this 11th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge